**110** . COOK *v.* FINCK.

· VALENTINE COOK et al., Appellants,. *v.* GEORGE FINCK, Respondent.

(Supreme Court, Appellate Term, April, 1897.)

**Building contracts — Construction — Extra work.**

Where a building contract requires the work to be done to the satisfaction of the architect and the specifications provide that the building laws shall be considered part of the contract and all iron work be tested by the department of buildings, a requirement by the architect that a different kind of girder should be substituted for one found to be too light to pass inspection by the building department does not constitute an independent contract or entitle the contractor to extra compensation.

· APPEAL by plaintiffs from judgment of the Sixth District Court.

Patterson, Schulz & Fawcett, for appellants.

D. A. Storer, for respondent.

McADAM, J. The defendant owned the lot on the southeast· corner of St. Nicholas avenue and One Hundred and Twenty-sixth street, New York city, and on May 6, 1895, entered into a written contract with Peter and Joseph Schaeffler for the erection of a building thereon under the direction and to the satisfaction of Gilbert Robinson, architect.

The Schaefflers employed the plaintiffs to do certain iron work ′ upon the building, among which was the furnishing and placing of two girders. . Before the girders were placed in position it was found on computing their carrying strength that one of them was too light and would not pass the final inspection of the building department. The plaintiffs claim that the architect thereupon amended the plans so as to call for a plate or box girder, which costs more than the one the plaintiffs originally intended to furnish, and that in consequence of the direction of the architect to furnish the box girder the defendant became liable for the extra expense; and the action was to recover the same. ·

. The justice found that the arrangement for the changed girder was made between the architect, Mr. Robinson, and the plaintiff's superintendent, Mr. Haut, upon the understanding that no extra charge would be made. . The justice also found upon evidence sustaining the finding that Haut was the superintendent placed in charge of the work by the plaintiffs, and that he had authority to

bind them by the agreement made. Haut's position apparently gave him as extensive powers as the representative of the plaintiffs in regard to the work to be done as those possessed by the architect, the representative of the owner in relation thereto; and if the architect had implied authority to bind the owner by a contract for the extra work claimed, it would seem to follow that Haut had like authority to bind his principals as to a detail of the work and whether there should be no charge for this particular item, or if there was to be one how much it would be. It will not do for the plaintiffs to claim a benefit from Haut's arrangement and at the same time repudiate its terms. Haut was not called as a witness, and the evidence as to the arrangement between him and Robinson was uncontradicted.

The plaintiffs' witness Becker undertook to prove a contract with Robinson by which the defendant was to be charged with the expense of the change; but what the witness testified to falls short of that, for it was in substance that Robinson merely told him to go on and finish the new girder according to the amended plan, to meet the requirements of the building department.

The specifications referred to in the contract between the defendant and the Schaefflers, under which the plaintiffs did their work, contain these provisions: " The building laws of the city of New York to be considered part of this contract, and the same to be followed in every particular. * * * All iron beams, girders and general iron work to be tested and passed by the department of buildings of the city of New York."

The change made in the girder was to make it conform to the building laws and pass the tests usually applied by the department in determining whether it conformed or not, and this is what the specifications required. Whether the work or any part of it was performed by the Schaefflers, contractors, or by subcontractors, it was all to be done " under the direction and to the satisfaction of the architect;" so that any direction by him was presumptively given under the contract to secure its faithful performance, and could hardly rise to the dignity of an independent contract, unless such clearly appeared to be the intention of the parties.

The architect certainly had the right to insist upon performance of the provisions of the specifications that the building laws be observed, and that the iron work should stand the tests required by the department, and this is all he seems to have done according to his evidence, which was believed by the trial justice.

The contract with the Schaefflers contains the provision that " In no case shall any alteration of the terms and conditions of this contract be made or any extra or additional material or work be charged for unless such alteration is ordered by a writing signed by owner." Joseph Schaeffler, who was called as a witness by the plaintiffs, testified that he observed this portion of the contract, and whenever the architect ordered anything extra he submitted the order to the owner and obtained his approval in writing. How far this provision affects the plaintiffs and to what extent they were bound by it need not be decided, for on the finding of the justice the architect made no agreement to pay extra for the change made, and there was no claim that the defendant was ever personally consulted in respect to it, or had any knowledge concerning the same.

The evidence warranted the result arrived at by the justice, and as we find no error the judgment must be affirmed, with costs.

DALY, P. J., and BISCHOFF, J., concur.

Judgment affirmed, with costs.